PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD TUTTLE,

        Plaintiff,

    -v-                                      20-CV-6266-LJV
                                           ORDER

UNITED STATES,

        Defendant.

_____

## INTRODUCTION

The *pro se* plaintiff, Ronald Tuttle, was a prisoner confined at the Oakdale Federal Detention Center ("Oakdale") when he filed this action. He asserts claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 398 (1971),[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671, alleging constitutional deficiencies related to his prior criminal conviction in *United States v. Tuttle*, 6:13-cr-06109-FPG-MWP. Docket Item 1.

Because Tuttle is a "prisoner," *see* 28 U.S.C. § 1915(h), this Court screens the complaint under 28 U.S.C. § 1915A(a). For the reasons that follow, the plaintiff's claims

---

[1] Although Tuttle used a court-approved form for filing prisoner civil rights actions brought under 42 U.S.C. § 1983, he has not alleged that "the challenged conduct . . . was attributable to a person acting *under color of state law*." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (emphasis added) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Instead, he has challenged the actions of federal officials. In light his *pro se* status, the Court therefore "construe[s] the complaint as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right." *Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995).

are dismissed under section 1915A(b) for failure to state claims upon which relief may be granted.

## **DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))).  But leave to amend pleadings may be denied when any amendment would be "futile."  *Id.*

I.     **SCREENING THE COMPLAINT**

In evaluating the complaint, the Court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d

Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Here, all of Tuttle's claims relate to his 2014 conviction for importing and possessing methylenedioxypyrovalerone and conspiring to do the same. *See* Docket Item 1; *see also United States v. Tuttle*, 6:13-cr-06109-FPG-MWP. More specifically, Tuttle alleges that a February 2013 search warrant used in his prosecution was issued without probable cause; that Judge Frank P. Geraci, Jr., who presided over his criminal trial and denied his motion to vacate under 28 U.S.C. § 2255, was biased and ignored clear evidence; and that he was sexually assaulted and placed in solitary confinement without ventilation while incarcerated at two different federal correctional institutions outside this district: Fort Dix and Ashland. Docket Item 1 at 8-16. Tuttle seeks "1 [t]rillion dollars" in monetary damages under *Bivens* and the FTCA. *Id.* at 6.

## II. CLAIMS RELATED TO SEARCH WARRANT AND TRIAL

### A. *Bivens*

"[C]ourts typically analogize claims under [section] 1983 with *Bivens* actions," *id.* at 110, subject to the limitation that "expansion of *Bivens*" beyond the three contexts previously recognized by the Supreme Court—unlawful arrest under the Fourth Amendment, discriminatory dismissal under the Fifth Amendment, and inadequate medical care under the Eighth Amendment—is "a disfavored judicial activity," *Hernandez v. Mesa*, 140 S. Ct. 735, 741-42 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017)).

This Court need not decide whether the claims at issue here arise in "new context[s]" or involve "new categor[ies] of defendants," *Hernandez*, 140 S. Ct. at 743 (citation omitted), because, for the reasons that follow, none of Tuttle's claims would be cognizable even under the more expansive scope of section 1983.

#### 1. United States as Defendant

"[A] *Bivens* action will only lie against a federal government official. *Bivens* actions against the United States are routinely dismissed." *Mack v. United States*, 814 F.2d 120, 122-23 (2d Cir.1987). Accordingly, Tuttle's *Bivens* claims against the United States are dismissed with prejudice because leave to amend is "futile." *See Cuoco*, 222 F.3d at 112.

#### 2. *Heck* Bar

Tuttle claims that his conviction was unconstitutionally obtained for various reasons, including the issuance of a search warrant without probable cause and the biases of Judge Geraci. *See* Docket Item 1 at 8-16. Those claims are barred by the

4

favorable-termination requirement in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that:

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a . . . sentence invalid, a [section] 1983 plaintiff must prove that the . . . sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).  "A claim for damages bearing that relationship to a . . . sentence that has *not* been so invalidated is not cognizable under [section] 1983." *Id.* at 487 (alteration in original); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under [section] 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well.").

Here, Tuttle's conviction was affirmed by the United States Court of Appeals for the Second Circuit, *see United States v. Tuttle*, 646 F. App'x 120 (2d Cir. 2016) (summary order), and Judge Geraci dismissed Tuttle's motion to vacate under 28 U.S.C. § 2255 (and numerous other motions and requests for relief).  *See Tuttle*, 6:13-cr-06109-FPG-MWP, Docket Items 77 and 178.  Because Tuttle "has not demonstrated that his [2005] conviction has been invalidated in any manner," his claims for damages allegedly arising from the search warrant and trial underlying those convictions may not proceed.  *See Tavarez*, 54 F.3d at 110.

### B. FTCA CLAIMS

Tuttle also cites the FTCA as a basis for his claims related to the allegedly defective search warrant and unfair trial.  *See* Docket Item 1 at 2.  The FTCA provides a vehicle for individuals to bring "civil actions . . . against the United States[ ] for money damages, . . . for injury or loss of property, or personal injury or death caused by the

5

negligent or wrongful act or omission of any employee of the [federal g]overnment while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "Although the Second Circuit has not yet addressed the issue, several circuits have applied *Heck* in FTCA cases." *El Bardrawi v. Dep't of Homeland Security*, 579 F. Supp. 2d 249, 273, n.24 (D. Conn. 2008) (citing *Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir.2001) (per curiam); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995); *Dare v. United States*, 264 F. App'x 183, 185 (3d Cir. 2008)).

This Court agrees that because "success on . . . [the] FTCA claims would necessarily imply the invalidity of the fact and the duration of [Tuttle's] confinement," Tuttle cannot raise his claims under the FTCA for the same reasons that he cannot raise them under *Bivens*. See *Hall v. Loretto*, 609 F. App'x 51, 53 (3d Cir. 2015) (per curiam) (citing *Lora-Pena v. FBI*, 529 F.3d 503, 505 n.2 (3d Cir. 2008)). Accordingly, Tuttle's claims under the FTCA as they relate to the search warrant and trial are dismissed because leave to amend is "futile." See *Cuoco*, 222 F.3d at 112.

### III. CLAIMS CONCERNING FORT DIX AND ASHLAND

Tuttle also brings claims related to his confinement at the Fort Dix and Ashland Federal Correctional Institutions ("Fort Dix" and "Ashland"). Because neither of those institutions is located within this district, venue in this Court is neither proper nor convenient. See 28 U.S.C. § 1391(b) (*Bivens*); 28 U.S.C. § 1402(b) (FTCA). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in

the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Tuttle's claims related to Fort Dix and Ashland are connected to the claims discussed above. For example, he claims that "[i]f he was never falsely incarcerated for [the] last 5 1/2 years[,] [he] would have never been sexually assaulted . . . at Fort Dix." Docket Item 1 at 16. Similarly, he alleges that he "would not have [developed chronic obstructive pulmonary disease]" if he had "not been . . . incarcerated." *Id.* Tuttle otherwise does not develop these claims or name any officials responsible for the alleged violations. Accordingly, this Court does not find that that interests of justice would be served by transferring this action. If Tuttle wishes to raise separate claims against Fort Dix and Ashland, he may do so by filing new actions in the appropriate district courts.[2]

## **CONCLUSION**

For the reasons stated above, Tuttle's complaint is dismissed under 28 U.S.C. § 1915A(b) for failure to state claims upon which relief may be granted. To the extent the complaint may assert *Bivens* or FTCA claims arising during his incarceration at either the Fort Dix or Ashland Correctional Facilities, Tuttle may file complaints alleging those claims in the districts where those facilities are located. *See* 28 U.S.C. §§ 1391(b); 1402(b); 1406(a).

---

[2] Fort Dix is located in the District of New Jersey. Ashland is located in the Eastern District of Kentucky.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Tuttle's motion to recuse Chief Judge Frank P. Geraci, Jr., Docket Item 7, is denied as moot; and it is further

ORDERED that Tuttle's complaint is dismissed, and the Clerk of Court shall close this case; and it is further

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

SO ORDERED.

Dated:   June 29, 2020
         Buffalo, New York

                                          */s/ Hon. Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE